UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA HOLLINGSWORTH, *et al.*, <br> Plaintiffs, <br> v. <br> CITY OF NORTH LAS VEGAS, *et al.*, <br> Defendants. | Case No. 2:21-cv-02230-CDS-NJK <br><br> **ORDER** <br><br> [Docket Nos. 47, 48, 49] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket Nos. 47, 48, 49.[1]

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has made clear that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co.v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Leaving no ambiguity, the Ninth Circuit explains that:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. The required showing of diligence is measured by the conduct displayed

---

[1] The parties filed a duplicate stipulation and a corrected image of the stipulation. Docket Nos. 47, 49.

throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

"When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

In the parties' prior stipulation to extend discovery deadlines, they submitted, *inter alia*, that the parties intended to review further body worn camera footage and schedule depositions for late October and early November. Docket No. 46 at 5. Specifically, the parties asked for a 60-day extension to schedule and take depositions and to prepare expert disclosures. *Id*. at 6-7. The Court granted the stipulation but reminded the parties that they needed to conduct discovery diligently. *Id*. at 8. The Court further stated that "[g]iven the lengthy discovery period, the Court is not inclined to grant further extensions." *Id*.

Nonetheless, the parties now ask the Court to extend the discovery deadlines by 90 days. Docket No. 49 at 2. Despite the Court's prior order, the parties have failed to diligently engage in discovery. Since the Court granted the extension request on September 26, 2023, the parties have engaged in essentially no discovery. Specifically, Plaintiffs are just now engaging in the process of issuing notices to parties and third-party witnesses as a result of reviewing the body worn camera footage. *Id*. at 4. However, Plaintiffs fail to provide any dates as to when those notices were issued and Plaintiffs further fail to provide dates for any scheduled depositions. As for Defendants, the only discovery in which they have engaged in is issuing a subpoena to Latina Jones for a deposition on December 14, 2023. *Id*. at 6. Despite the parties' representation in their prior stipulation, they have not yet scheduled or taken depositions, and have not completed expert

disclosures during the prior 60-day extension period.² The parties have clearly failed to diligently conduct discovery.

The parties seek discovery extensions because, they submit, of several issues relating to scheduling the remaining depositions. *Id*. at 7. The Court, however, is not persuaded by these reasons, as the parties have lodged several extension requests that were predicated on scheduling depositions over the past 9 months. *See* Docket No. 38 at 6; Docket No. 42 at 6; Docket No. 45 at 5-6. That the parties waited until the final hour to schedule depositions and ran into issues further indicates to the Court that the parties have failed to demonstrate good cause for the extension request.

In an effort for this case to be decided on the merits, the Court will grant a 45-day extension subject to several caveats. First, leniency will not be provided again. To the extent the parties fail to obtain the discovery they need for the case to be decided on the merits, that will not be grounds for a further extension. *Cf. Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided on their merits *whenever reasonably possible*" (emphasis added)). If the parties continue to fail to live up to their discovery obligations and the case must advance to trial without necessary discovery, so be it, as that will be the result of the failures of the parties and counsel. Second, counsel must immediately set firm dates for all remaining depositions. In an effort to facilitate that scheduling, the Court orders that depositions may take place after hours, on weekends, and on holidays if other dates and times cannot be secured such that discovery is completed by the cutoff set herein.³ A stipulated schedule containing all remaining deposition dates must be filed by December 15, 2023. The dates set therein cannot be modified by agreement of the parties without obtaining the Court's approval. Third, responses to any remaining written

---

² Since the initial expert deadline has expired, the parties must demonstrate both good cause and excusable neglect to reopen and extend it. As the Court finds that the parties have not shown good cause, it need not reach the issue of excusable neglect.

³ Conflicts with business obligations (of deponents, parties, or counsel) or with other litigation matters will not justify delaying any deposition in this case.

3

discovery must be provided within 14 days, not 30. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A).[4] These expedited deadlines cannot be modified by agreement of the parties without obtaining the Court's approval.

Subject to the caveats above, the stipulation for extension is **GRANTED** in part and **DENIED** in part. Docket No. 49. Deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  Closed
- Initial experts:  January 18, 2024
- Rebuttal experts:  February 19, 2024
- Discovery cutoff:  March 19, 2024
- Dispositive motions:  April 17, 2024
- Joint pretrial order:  May 20, 2024, 30 days after resolution of dispositive motions, or further Court order.

The stipulations at Docket Nos. 47 and 48 are **DENIED** as moot.

IT IS SO ORDERED.

Dated: December 5, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] It does not appear that further written discovery is currently contemplated, but these expedited dates apply to any written discovery that arises.