UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA HOLLINGSWORTH, *et al.*,<br>    Plaintiffs,<br>v.<br>CITY OF NORTH LAS VEGAS, *et al.*,<br>    Defendants. | Case No. 2:21-cv-02230-CDS-NJK<br><br>**Order**<br><br>[Docket No. 54] |

## I. BACKGROUND

Pending before the Court is Plaintiffs' motion to compel discovery. Docket No. 54. The Court has considered Plaintiffs' motion, Defendants' response, and Plaintiffs' reply. Docket Nos. 54, 61, 75. The motion is properly resolved without a hearing. Local Rule 78-1.

On November 15, 2022, the Court issued the operative scheduling order in this case. Docket No. 33. Over the course of the following year, the parties requested extensions of the case management deadlines on four separate occasions. Docket Nos. 38, 40, 42, 45. On December 5, 2023, the parties filed a fifth request for extension of the case management deadlines. *See* Docket No. 49. The parties premised their extension request on several issues relating to scheduling depositions. *Id*. at 7.

The Court found that the parties had failed to diligently engage in discovery. Docket No. 50 at 2. In an effort to have the case decided on the merits, however, the Court granted a 45-day extension subject to several caveats. *Id*. The Court stated, in pertinent part, that leniency would not be provided again. *Id*. Further, the Court ordered that responses to any remaining written discovery must be provided within 14 days, not 30. *Id*. at 3-4. The Court stated that "[i]t does not appear that further written discovery is currently contemplated, but these expedited dates apply to

any written discovery that arises." *Id*. at 4 n.4.  The Court further ordered that the expedited deadlines could not be modified by agreement of the parties without obtaining the Court's approval. *Id*. at 4.

Plaintiffs now seek an order compelling Defendants to produce documents, interrogatory responses, and to deem requests for admission admitted.  Docket No. 54.  Plaintiffs submit that Defendants failed to timely respond to discovery requests in violation of the Court's order requiring responses to written discovery within 14 days and that they further failed to even read the portion of the Court's order requiring expedited responses.  Docket No. 54 at 4, 6.  Therefore, Plaintiffs argue that any of Defendants' objections to the discovery requests are waived and ask that the requests for admission be deemed admitted.  *Id*. at 6-8.  Plaintiffs also request their costs and fees in bringing this motion.  *Id*. at 8.

In response, Defendants submit that Plaintiffs' additional written discovery was uncontemplated and served only to take advantage of the Court's expedited deadlines.  Docket No. 61 at 1.  Defendants submit that, since the additional discovery was due during the holiday season, it was impossible to collect the material required to respond to the discovery requests within 14 days. *Id*.  Defendants submit that the Court's expedited deadlines applied only to Plaintiffs because of their failure to supplement their responses to prior discovery requests.  *Id.* at 5-6.  Defendants request that Plaintiffs' motion be denied as moot because Defendants responded to Plaintiffs' discovery requests within the standard 30 days as provided by Fed. R. Civ. P. 33, 34, and 36.  *Id*. at 8.

In reply, Plaintiffs submit that their discovery requests were proper and that the Court's prior order did not forbid additional uncontemplated discovery.  Docket No. 75 at 7-8.  Plaintiffs further submit that their motion to compel is not moot because Defendants' untimely responses are insufficient and point to several deficiencies in Defendants' responses.  *Id*. at 8-13.  Plaintiffs submit that they were prejudiced by Defendants' untimely responses because the documents were not received until after two depositions had already taken place.  *Id*. at 13-14.  Therefore, Plaintiffs ask the Court to find all objections to the discovery requests waived, deem the requests for

admission admitted, require Defendants to fully respond to written discovery requests without delay, and request an award of fees and costs. *Id*. at 14.

## II.     STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D.Nev. 2019).[1]

## III.    ANALYSIS

Defendants violated the Court's order. The Court ordered that responses to any remaining written discovery must be provided within 14 days, not 30. *See* Docket No. 50 at 4. The Court expressly stated that these expedited dates apply to any written discovery that arises. *Id*. The clear language of the Court's order demonstrates that it applies to all written discovery, including future written discovery. Docket No. 50 at 3-4, n.4. Further, the Court finds Defendants' contention that Plaintiffs served the additional written discovery to take advantage of the expedited deadlines during the holiday season unpersuasive, as Defendants never sought an extension of the deadlines from the Court. *See* Docket No. 50; *see also* Fed. R. Civ. P. 29(b). In any event, Defendants failed to timely respond to the discovery requests, both under the Court's order and under the standard 30 days permitted by Fed. R. Civ. P. 34.[2]

---

[1] "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (N.D. Cal. 1997); *see also, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied"); *V5 Technologies*, 334 F.R.D. at 309-10 ("The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted"); *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) ("The party resisting discovery bears the burden of showing why a discovery request should be denied" (citation and internal quotations omitted)).

[2] Defendants submit that they responded within the standard time provided under Fed. R. Civ. P. 33, 34, and 36, but the record demonstrates that their responses were ultimately not received until January 24, 2024. Docket Nos. 75-6, 75-7, 75-8, 75-9.

Here, Defendants clearly failed to timely respond to Plaintiffs' discovery requests. Therefore, their objections are waived. *See Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). The Court will, however, deny Plaintiffs' motion to the extent it seeks to have their requests for admission be deemed admitted since Defendants admitted to all of the requests. *See, e.g., French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968) ("A trial judge has discretion to permit a late response to a request for admissions made pursuant to [Rule 36], and thus relieve a party of apparent default"); *see also* Docket No. 61-3.

Plaintiffs are clearly entitled to an award of expenses. Fed. R. Civ. P. 37(a)(5)(A). An award of expenses is not warranted when the opposing party's positions were substantially justified or other circumstances that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii). A position is justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Big City Dynasty v. FP Holdings, LP*, 336 F.R.D. 507, 513 (D.Nev. 2020) (quoting *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D.Nev. 2016). The Court finds Defendants' position in failing to respond to Plaintiffs' discovery requests within the Court-ordered 14 days – or even 30 days – was not justified.[3]

**IV.   CONCLUSION**

For the reasons discussed above, Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part. Docket No. 54. The Court **GRANTS** Plaintiffs' motion in all respects except for the portion that asks that the requests for admission be deemed admitted, which it **DENIES**. Further, Plaintiffs' request for an award of expenses is **GRANTED**. The parties must meet and confer, no later than March 25, 2024, regarding the discovery responses and Plaintiffs' request for fees and costs. To the extent the parties cannot agree on a reasonable number, Plaintiffs must file their motion for fees and costs no later than March 29, 2024. Further, to the extent the parties

---

[3] This position appears to have been one that Defendants came up with after the fact, as their attorney admitted that he had not read—at the very least—the portion of the Court's order requiring expedited discovery responses. It goes without saying that all attorneys are required to read Court orders in full.

4

cannot agree regarding the discovery responses, Plaintiffs must file any further request no later than March 29, 2024.

IT IS SO ORDERED.

Dated: March 19, 2024

_____
Nancy J. Koppe
United States Magistrate Judge