# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREA HOLLINGSWORTH, *et al.*,

    Plaintiffs,

v.

CITY OF NORTH LAS VEGAS, *et al.*,

    Defendants.

Case No. 2:21-cv-02230-CDS-NJK

**Order**

[Docket Nos. 80, 82]

    Pending before the Court is Plaintiffs' motion for leave to file Exhibit 25 to March 8, 2024, motion to compel under seal. Docket No. 82. Defendants failed to respond. *See* Docket. The motion is properly resolved without a hearing. Local Rule 78-1.

    The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

    In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, at *1 (D. Nev. 2019). A motion is dispositive when it is "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive motions requires a

"particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).

Plaintiffs seek to seal Exhibit 25 to their motion to compel at Docket No. 81. Docket No. 82 at 3. Plaintiffs seek sealing on the basis that Defendants have designated the relevant documents "Confidential" pursuant to the stipulated protective order. *Id*. Once a motion to seal has been filed on the basis of a document being designated "Confidential" or "Highly Confidential," the designating party must file a notice within seven days of the filing of the motion to seal explaining why the designated documents should remain sealed. Docket No. 37 at 2. If no such notice is filed, the Court may order the documents unsealed. *Id*. Here, Defendants have failed to file a notice explaining why Exhibit 25 should remain sealed. *See* Docket.

Accordingly, Defendants must file a notice in response to Plaintiffs' motion to seal no later than March 29, 2024. The notice must demonstrate, with applicable citations, whether Exhibit 25 is properly filed under seal. It must address all applicable standards. Failure to comply with this order will result in the denial of Plaintiffs' motion to seal and immediate unsealing of Exhibit 25.

IT IS SO ORDERED.

Dated: March 25, 2024

Nancy J. Koppe
United States Magistrate Judge