UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Andrea Hollingsworth., et al., | Case No. 2:21-cv-02230-CDS-NJK |
| Plaintiffs | **Order Granting Plaintiffs' Motion for Approval of Minors' Compromise and Motion for Leave** |
| v. | |
| City of North Las Vegas, et al., | |
| Defendants | [ECF Nos. 141, 143] |

On December 21, 2021, plaintiffs Andrea Hollingsworth, A.R.H., and A.D.H. filed a complaint seeking injunctive relief and damages pursuant to civil rights violation claims arising out of alleged unnecessary use of police force and discrimination. Compl., ECF No. 1. After engaging in discovery, the parties engaged in mediation, and ultimately reached a settlement. *See* Notice of settlement, ECF No. 134. As relevant here, on March 6, 2026, the plaintiffs filed a motion for approval of minors' compromise. ECF No. 141. Defendants City of North Las Vegas, Chief Jacqueline Gravatt, and Officers Michael Rose and Eric Spannbauer filed a notice of non-opposition to the plaintiffs' motion. Non-opp'n, ECF No. 142. But in their notice, the defendants assert that they dispute the factual assertions contained in the plaintiffs' motion. *Id.* at 1–2. They explain that by not opposing the settlement, they neither admit nor concede on any claim, and cite *United Staes v. Bailey* to assert settlement does not require an admission of liability. *Id.* (citing 696 F.3d 794, 800 (9th Cir. 2012). As such, they ask this court to discount all factual assertions included in the plaintiffs' motion, and to approve the terms of the settlement for the minor plaintiffs. *Id.* at 2. The plaintiffs did not file an opposition to the defendants' request, so I grant their request. The plaintiffs also filed a motion for leave to file an additional document related to their motion. *See* Mot. for leave, ECF No. 143. In their motion, the plaintiffs specify that two trust accounts will be set up, one for A.R.H. and one for A.D.H., through Commonwealth

Community Trust, a nonprofit organization. *Id.* at 2. Because I find good cause exists, the motion for approval is granted as set forth in this order.[1]

## I.    Background

Hollingsworth is a mother who is deaf and primarily communicates using American Sign Language (ASL). ECF No. 1 at 2. On April 7, 2021, Hollingsworth and her daughters, A.D.H. and A.R.H., were sitting in a car, and while in the vehicle, Officer Rose approached Hollingsworth and her daughters to investigate a report of harassment. *Id.* As set forth in the complaint, Officer Rose tried to communicate with Hollingsworth, but he made no attempts to locate and utilize a qualified ASL interpreter even after her children informed the officer that their mother was deaf and Hollingsworth requested the use of written notes. *Id.* at 2. As alleged, Hollingsworth's inability to understand what Officer Rose was trying to communicate led to the use of illegal and unreasonable force. *Id.* at 3. As a result, the plaintiffs filed this action, asserting violations of Title II of the Americans with Disabilities Act of 1990, the Fourth Amendment, 42 U.S.C. § 1983, and other related claims.

## II.    Legal authority

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. Nevada Revised Statutes (NRS) § 41.200. No settlement is effective until it is approved by the court. *Id.* at (1) (explaining "[i]f an unemancipated minor has a disputed claim," then "either parent . . . has the right to

---

[1] I also find good cause exists to grant the plaintiffs' motion for leave to provide this court with supplemental information related to the trust accounts for each minor plaintiff. ECF No. 143 at 2.

compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Judicial Dist. Ct.*, 273 P.3d 855, 859 (Nev. 2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing"). Citing Ninth Circuit and other federal circuit case law, the Supreme Court of Nevada concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.* at 860. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

As the Ninth Circuit has made clear, in cases involving the settlement of a minor's federal claims, the district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

**III.     Discussion**

Under the settlement terms, a total of $200,000 is to be distributed to A.D.H. and A.R.H. ECF No. 141. Each minor child receives $100,000. *Id.* at 3; Settlement agreement, Pl.'s Ex. 1, ECF No. 141-1 at 2. In determining whether to approve the settlement, the court must first consider the outcome of similar cases to determine whether the sum to settle the minors' claims is reasonable. *See Robidoux*, 638 F.3d at 1181. Here, the plaintiffs provided examples of cases where

the court approved settlement for minor plaintiffs. *See* ECF No. 141 at 12, 13 (citing *Valenzuela v. San Diego Police Dep't*, 2022 WL 2438421, at *4 (S.D. Cal. July 5, 2022) (court approved settlement of $5,000 when the minor plaintiff witnessed their mother being assaulted, battered, and falsely arrested by an officer)); *Moore-Brown v. City of N. Las Vegas Police Dep't*, 2024 WL 4710756, at *1–2 (D. Nev. Oct. 11, 2024) (court approving a settlement of $20,840.65 when three minor plaintiffs were at home when their father was shot and killed by North Las Vegas Police officers). I find the proposed settlement as set forth in the motion to be fair and reasonable for both minor plaintiffs.

As such, based on my review of the motion, together with the exhibits attached thereto, I find that the settlement is reasonable. I now turn to the plaintiffs' proposed method for disbursing the settlement funds. *See Dacanay*, 573 F.2d at 1080 (requiring district courts to consider if the proposed distribution to each minor plaintiff is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases). In the plaintiffs' motion, they propose that the funds be held in 529 education savings accounts, trusts, or other blocked accounts in the minors' respective names, to be accessed when they reach the age of majority. ECF No. 141 at 9. In the plaintiffs' motion for leave to supplement, they more specifically identify the type of trust in which they seek to place the settlement funds. *See* ECF No. 143. Specifically, the plaintiffs seek to create trust accounts where each trust will receive the $100,000 of the settlement funds, less initial enrollment fees. *Id.* at 2; Fee Schedule, Pl.'s Ex. 1, ECF No. 143-1. The plaintiffs explain that $775 will initially be deducted from each account. ECF No. 143 at 2. The plaintiffs also explain that the funds in the account will grow pursuant to the earning statements. *See* Earnings statements, Pl.'s Ex. 2, ECF No. 143-2. Because each minor plaintiff will equally receive $100,000 and both trust accounts will receive the same amount, I

4

also find the method of disbursement to be reasonable and within the bounds of applicable law. Accordingly, the motion for minors' compromise is approved.[2]

**IV.      Conclusion**

IT IS HEREBY ORDERED that the proposed settlement for A.R.H. and A.D.H.'s claims is approved in the amount of $200,000.00. A.R.H. will receive $100,000.00 and A.D.H. will receive $100,000.00. Therefore, the motion for approval of minors' compromise **[ECF No. 141] is APPROVED.**

IT IS FURTHER ORDERED that the settlement proceeds, in the amount of $100,000.00 must be deposited into each Commonwealth Community Trust account where it will remain until A.R.H. and A.D.H. reach the age of eighteen years.

IT IS FURTHER ORDERED that by May 30, 2026, Hollingsworth must file proof that the funds were deposited into the trust account with Commonwealth Community Trust for the benefit of A.R.H. and A.D.H.

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file a supplemental document **[ECF No. 143] is GRANTED.**

Dated: May 1, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] I note that by granting the plaintiffs' motion, this order does not serve as a finding that the plaintiffs established liability for any claim nor that the defendants conceded liability for any claim.